**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 25, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re: PETER WOODMAN,

        Debtor.

_____

PETER WOODMAN,

        Plaintiff-Appellant,

     v.

CONCEPT CONSTRUCTION, LLC,

        Defendant - Appellee,

and

ASPEN HILLS PROPERTIES LLC;
DAN BOWEN; CONCEPT 1000 INC.;
JERRY HATCH; MICHAEL HATCH;
BRUCE JEPPSEN,

        Defendants.

No. 11-4083

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. NO. 2:10-CV-00155-DAK)**

---

Brian W. Steffensen, Steffensen Law Office, Salt Lake City, Utah, for Appellant.

Gavin Troy Parkinson (Michael N. Zundel with him on the brief), Prince, Yeates
& Geldzahler, Sale Lake City, Utah, for Appellee.

---

Before **LUCERO**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

**HARTZ**, Circuit Judge.

Peter Woodman filed two timely notices of appeal from an adverse decision by the bankruptcy court. One appeal was heard by the bankruptcy appellate panel (BAP), which dismissed the appeal a month later for failure to prosecute. The other was heard by the district court, which decided to consider the matter despite the prior BAP ruling but ruled against Mr. Woodman on the merits. He appeals from the judgment of the district court. We have jurisdiction under 28 U.S.C. § 158(d)(1) and vacate the district court's judgment because it lacked jurisdiction.

## I.    BACKGROUND

Mr. Woodman had been employed by Concept Construction, LLC but was accused of embezzlement and fired in June 2005. He and his wife filed for bankruptcy in 2008 in the District of Utah, and he initiated an adversary proceeding against Concept. Concept counterclaimed. On December 1, 2009, the bankruptcy court ruled in open court that Mr. Woodman owed Concept $603,952, a debt that was not dischargeable because obtained through embezzlement. *See* 11 U.S.C. § 523(a)(4).

Mr. Woodman filed a notice of appeal in the district court on December 31, 2009. But because the notice should have been filed with the clerk of the bankruptcy court, *see* Fed. R. Bankr. P. 8001(a), the district-court clerk

transmitted it to the bankruptcy court on January 4, 2010, *see id.* 8002(a) (authorizing such transmittal). The notice stated: "Notice is hereby given that Peter Woodman appeals the orders, findings, conclusions and judgment entered herein against him to the United States District Court." Aplee. App., Vol. 1 at 5. On January 6 the BAP issued an "Order Denying Election to U.S. District Court" because Mr. Woodman's election was not contained in a separate writing, as required under Fed. R. Bankr. P. 8001(e). *Id.* at 8–9.

On the same day, the BAP clerk of court sent a letter to the parties informing them that the appeal had been entered on the BAP's docket on January 6 and assigned BAP number UT-10-002. It stated that unless a timely election to proceed in district court was filed (by a party other than Mr. Woodman, *see* 28 U.S.C. § 158(c)(1)), the appeal would proceed before it. It further noted, however, that the appeal appeared to have been filed prematurely, as the bankruptcy court had not yet entered judgment. Briefing was suspended and Mr. Woodman was directed to notify the BAP when the judgment had been entered. The letter said that the notice would be treated as filed on the date of entry of judgment. Also, the clerk ordered the parties to disclose any interested parties within 14 days.

Perhaps the bankruptcy-court judgment had not been entered when the BAP clerk sent its letter to the parties, but it was entered by the end of that day, January 6, 2010. Apparently unaware of the entry, Mr. Woodman filed on

January 8 a "Notice [sic] Voluntary Withdrawal of Appeal" with the bankruptcy court.  Aplee. App., Vol. 1 at 11–12.  It stated:

> It has come to Mr. Woodman's attention that the Court has not yet entered the final judgment herein at the time that the Notice of Appeal was filed.  The appeal is therefore premature.  Consequently, Woodman hereby voluntarily withdraws said Notice of Appeals [sic] and will refile after Judge Thurman enters his final order.

*Id*.

On January 13 Mr. Woodman filed in the bankruptcy court a "Renewed Notice of Appeal," *id.* at 13–15, and a separate "Election to Appeal to the United States District Court," *id.* at 16–17.  He ignored the BAP proceedings, never filing a disclosure of interested parties.

On January 21 the BAP issued a "Notice of Deficiency and Order to Show Cause":

> The Appellant must file a response to this Notice and Order within fourteen (14) days of the date shown above.  A response is filed only when it has been received by this Court.  Fed. R. Bankr. P. 8008(a).
> A review of the documents in this appeal reveals a deficiency that could result in dismissal.  This appeal appears to be defective due to lack of prosecution by the Appellant (Fed. R. Bankr. P. 8001(a); 10th Cir. BAP L.R. 8018-4(b)).  It appears that the Appellant has not complied with the following rule(s):
>
> > All parties, other than governmental parties, must file a statement disclosing any interested party who is not listed in the notice of appeal.  If there is none, a statement to that effect must be filed. 10th Cir. BAP L.R. 8018-3(a).  When a corporation is a party, the Statement of Interested Parties must identify any parent corporation and any publicly held corporation that owns

> 10% or more of its stock, or state that there is no such corporation. 10th Cir. BAP L.R. 8018-3(c).
>
> For the foregoing reasons it is HEREBY ORDERED that this appeal will be dismissed unless, within fourteen (14) days from the date of this Notice, the Appellant cures the deficiency described above.

*Id.* ,Vol. 2 at 490–91. Mr. Woodman did not respond, and on February 5 the BAP dismissed the appeal for failure to prosecute under Fed. R. Bankr. P. 8001(a) and Tenth Circuit BAP L.R. 8018-4.

About three weeks later, Concept filed a "Motion to Dismiss Appeal" in the district court. Reply Br., Ex. A at 1. It observed that "there is no precedent for initiating two appeals in different forums on the same issues," and argued that "[a]ppellants simply can't be given the benefit of two forums for their appeals." *Id.* at 6. The district court declined to dismiss Woodman's appeal, citing "the unique facts and circumstances of the case and the court's strong preference for deciding matters on the merits." Aplee. App., Vol. 2 at 489. On March 31, 2011, after reviewing the record and briefs and hearing oral argument, the court affirmed the bankruptcy court's judgment. Woodman timely appealed the district court's decision to this court.

## II.   DISCUSSION

### A.   Bankruptcy Appeals

In the past the only appeal permitted from a bankruptcy-court decision was to the district court, whose decision could be appealed to the court of appeals.

Then, in 1978 Congress enacted legislation authorizing the creation of bankruptcy appellate panels, each composed of three bankruptcy-court judges, to hear appeals as an alternative to the district court. *See* Pub. L. No. 95-598, ch. 6, § 160, 92 Stat. 2549, 2659 (1978) (codified as amended at 28 U.S.C. § 158(b), (c) (2006)). To appeal to either tribunal, a notice of appeal must be filed in the bankruptcy court within 14 days of entry of the bankruptcy court's judgment on the court's docket.[1] *See* 28 U.S.C. § 158(c)(2); Fed. R. Bankr. P. 8001(a), 8002(a). If the notice is filed before the judgment has been entered, the notice will be treated as filed on the day the judgment is entered. *See* Fed. R. Bankr. P. 8002(a). An appeal is heard by the BAP unless (1) the appellant elects, at the time of filing the appeal, to have it heard by the district court, or (2) any other party elects, within 30 days, to have the appeal heard by the district court. *See* 28 U.S.C. § 158(c)(1). The election may be made only by the filing of a separate writing. *See* Fed. R. Bankr. P. 8001(e)(1). If all the parties to the appeal file a written stipulation requesting withdrawal of the election, the district court may transfer the appeal to the BAP or retain the appeal. *See id.* 8001(e)(2). On receipt of the record from the bankruptcy-court clerk, the clerk of the district court or the BAP enters the appeal in the docket and gives notice to all parties of the date of docketing. *See id.* 8007(b). An appellant's failure to take any steps beyond filing a notice of

---

[1] In special circumstances the appeal may be transferred to the court of appeals. *See* 28 U.S.C. § 158(d)(2).

appeal does not affect the validity of the appeal. *See id.* 8001(a). But the BAP or the district court may dismiss an appeal if the appellant does not prosecute it. *See id.*

Also relevant to this case is the procedure for voluntarily dismissing an appeal. Before the appeal is docketed it may be dismissed by a bankruptcy judge on the filing of a stipulation for dismissal signed by all parties, or on motion and notice by the appellant. *See id.* 8001(c)(1). After an appeal is docketed, the requirements for voluntary dismissal are more demanding. Fed. R. of Bankr. P. 8001(c)(2) provides:

> If an appeal has been docketed and the parties to the appeal sign and file with the clerk of the district court or the clerk of the bankruptcy appellate panel an agreement that the appeal be dismissed and pay any court costs or fees that may be due, the clerk of the district court or the clerk of the bankruptcy appellate panel shall enter an order dismissing the appeal. An appeal may also be dismissed on motion of the appellant on terms and conditions fixed by the district court or bankruptcy appellate panel.

### B.    Jurisdiction In This Case

Because Mr. Woodman failed to file with his initial notice of appeal a separate statement electing to have the appeal heard by the district court, the appeal was to the BAP. *See* 28 U.S.C. § 158(c)(1); Fed. R. Bankr. P. 8001(e)(1). To effect voluntary dismissal of the appeal after January 6—the date the bankruptcy-court judgment was entered and his appeal was docketed—Mr. Woodman would have had to follow the procedures in Fed. R. Bankr. P.

8001(c)(2). Instead, he simply filed a notice of "Voluntary Withdrawal of Appeal," Aplee. App., Vol. 1 at 11–12, which had no legal effect. Consequently, when he filed his second notice of appeal, the BAP still had jurisdiction.

Bankruptcy appellate panels were designed to provide an alternative, not a supplement, to an appeal to the district court. Nothing in the statutory language creating the panels suggests that Congress would tolerate the confusion and waste of resources that would result from simultaneous appeals of the same bankruptcy-court decision to both the district court and a panel. To the contrary, the statute authorizing appeals from the bankruptcy court speaks in terms of alternatives, giving a party a choice—an election—between the two appellate forums. Section 158(c)(1) says that the appeal shall be heard by the BAP "unless–(A) the appellant *elects* at the time of filing the appeal; or (B) any other party *elects*, not later than 30 days after service of notice of the appeal; to have such appeal heard by the district court." 28 U.S.C. § 158(c)(1) (emphasis added). In common parlance we do not make an "election" between two things if we can have them both—such as an appeal in both forums. *See* Webster's Third New International Dictionary 731 (2002) (defining *elect* as "to make a selection of" and "choose"); Black's Law Dictionary 557 (8th ed. 2004) (defining *election* as "[t]he exercise of a choice; [especially], the act of choosing from several possible rights or remedies in a way that precludes the use of other rights or remedies"). Moreover, the requirement that the appellant elect the district-court forum "at the time of filing

-8-

the appeal," 28 U.S.C. § 158(c)(1)(A), would be ineffective if an appellant who failed to make a timely election could later file a second appeal, one accompanied by the required contemporaneous statement of election of the district court to hear the appeal.

We therefore conclude that Mr. Woodman's second notice of appeal was a nullity. He could not file a second appeal so long as he had a pending appeal before the BAP. Perhaps he could file a second appeal if the first were dismissed without prejudice (although it would have to be soon enough to allow him to file a timely second appeal). But there was no such dismissal. Mr. Woodman's only effort to dismiss his appeal was his "Notice Voluntary Withdrawal of Appeal." But it was filed after his original notice of appeal became effective as a result of entry of the bankruptcy court's judgment, and it did not comply with the bankruptcy rules. Because the notice of appeal to the district court was a nullity, that court did not have jurisdiction to review the decision of the bankruptcy court.

## III.   CONCLUSION

We VACATE the district court's judgment, and REMAND to that court for dismissal of the appeal from the bankruptcy court.